John B. Clark, for appellant.

---

New Liberty Literary Institute v. D. S. Curd.

Corporations—Signer of Subscription to Capital Stock—Estoppel.
>   The signer of a subscription to the capital stock of a corporation, is estopped to deny its existence.

Same
>   This rule will apply, though before due date of subscription, the corporate name was changed by legislative enactment

Same.
>   As long as the objects and purposes of the corporation were the same as when the subscription was signed, the subscriber remained bound.

APPEAL FROM OWEN CIRCUIT COURT.

June 29, 1869.

Opinion of the Court by Judge Peters:

From the facts stated as the foundation of the action it appears that appellate Curd by a subscription signed by himself, agreed to pay to appellant, by the name in which the suit is brought, the sum claimed by it.   This fact he does not deny, nor does he deny that the condition has been performed upon which he prom-

ised to pay the money. He is therefore estopped to deny the existence of the corporation with which he contracted to pay the money, *Depew vs. Bank Limestone, 1 J. J. Mar. 380, Bank Galleepolis vs. Trimble, 6 B. Mon. 601, Jones vs. Bank Tennessee 8 B. M. 122.*

Besides, if that were not so, it would have been proper under section 161 Civil Code to have permitted appellant to amend the warrant as proposed by changing the name of plaintiff to that of *"Concord College"* the corporate name fixed by the amendatory act approved February 27, 1868, 2 Vol. Acts 1867 page 69.

As long as the objects and purposes of the corporation were the same as when appellee agreed to pay the subscription he remained bound notwithstanding the change of the name of the corporation.

The title of the Act is *"An Act to incorporate the New Liberty Institute."*

The 1st section of the Act, declares that the corporation shall be known and designated by the name and style of the *New Liberty Baptist Education Society."* The law, as an examination of it will show, relates only, and exclusively to the subject of education. It is an institution of learning, and although there is some confusion in the preamble, and the first section of the Act, as to the name by which it shall be called and known, and which confusion perhaps was the reason the amendatory act *supra* was passed; still no other subject is referred to in the act and the sole purpose in the education of white males and females, and is not therefore within the constitutional inhibition of *section 37, article 3 Con. of Kentucky.*

No other objections need be noticed; but for the reasons herein stated the judgment is *reversed* and the cause remanded for a new trial to be awarded and for further proceedings consistent herewith.

*Major, for appellant.*

*Lillard, for appellees.*